## COMMONWEALTH v. JOSEPH SWIHART.

APPEAL BY DEFENDANT FROM THE COURT OF QUARTER SESSIONS OF WASHINGTON COUNTY.

Argued October 22, 1890—Decided January 5, 1891.
[To be reported.]

A defendant, indicted for selling liquor without license, and justifying sales of liquor, made by him prior to August 8, 1890, upon the ground that such sales were made for an importer in the original packages, cannot complain, after conviction, of a failure by the court to instruct the jury as to what constituted such a package, if no such instruction was asked for: Commonwealth v. Zelt, ante 615, followed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 191 October Term 1890, Sup. Ct.; court below, No. 26 August Term 1890, Q. S.

On August 22, 1890, the grand jury returned as a true bill

Charge of Court below.

an indictment charging Joseph Swihart with selling liquor without license. The defendant pleaded not guilty.

At the trial on August 26, 1890, the commonwealth called two witnesses, who testified to the purchase of liquors from the defendant at a store kept by him in the borough of Washington, one of them a quart of whiskey, and the other a quart of gin. In each instance, the liquor was contained in a bottle wrapped in paper and sealed up. Having shown these facts, the commonwealth rested.

·· The testimony of the defendant, and of other witnesses called by him, tended to prove that he was employed by the month, on a salary, to conduct the store above mentioned as the agent of the Bridgeport Liquor Company, of Bridgeport, Ohio; that the liquors in question, and all others sold by him at said store, were shipped to him by his principal from Bridgeport, Ohio; that they were contained in pint and quart bottles, each bottle being wrapped in corrugated paper, and then in another paper securely sealed and wrapped with a string, and this was the Bridgeport Liquor Company's customary way of putting up bottled liquors for shipment; that the bottles, so put up, were shipped to the defendant in open boxes, that is, boxes without any lid, the express company having requested that they be enclosed in a box; that the express company receipted to the consignor for so many packages in a box, although the consignment, as it appeared upon the books of the express company, was entered as one or more boxes simply, and the freight was paid on the box as a whole; that the number of bottles contained in the boxes averaged about one hundred, and that the defendant, on receiving the boxes, removed the bottles, arranged them on a shelf in the store, and sold the bottles separately, without breaking the wrappers.

At the close of the testimony, the court, McIlvaine, P. J., charged the jury in part as follows:

[Now, gentlemen, if you believe this man was an agent of this company, and that he received this liquor that it has been proved he sold, in the original package of commerce, and that he sold it as the agent of these parties, it having been imported by his principal, he is protected by the United States constitution, and our Brooks law would be inoperative, as

Charge of Court below.

he would be the representative of an importer, selling in the original packages of commerce. If you have any doubt about that, and that he is setting up a defence here that he has not fully made out, or made out to such an extent as to throw doubt upon the commonwealth's case,—because the commonwealth is bound to make out a case beyond a reasonable doubt, under the law as it stands,—I say, if you have no doubt about him selling it as such agent, then he is not guilty. If you have any doubt about this agency, or about selling in original packages, and that doubt has not weakened the commonwealth's prima facie case, as made out, and you still believe that the commonwealth has made out a case beyond a reasonable doubt, and that this case does not come within the decision of the Supreme Court, or under the constitutional right here set up, the defendant should be convicted. But these are questions for you, gentlemen, to determine, and not questions for the court, as they are questions of fact.] [2] . . . . .

The defendant asks for instructions to the jury as follows:

1. That under the constitution and laws of the United States relating to commerce between the states, the Bridgeport Liquor Company, of Bridgeport, Ohio, had a right and are fully justified in shipping this liquor in original packages from the state of Ohio into the state of Pennsylvania, and there disposing of the same in original packages, either by sale or otherwise, directly or through the means of agents employed for that purpose.

Answer: Affirmed.

2. If the jury believe from the evidence that the defendant, Joseph Swihart, in the sale of the liquor charged, was acting only as an agent under proper authority for the Bridgeport Liquor Company, of Bridgeport, Ohio, a licensed firm engaged in the wholesale liquor business in that city, and that said firm consigned the said liquor to Joseph Swihart, put up in original packages, sealed and stamped by them at their place of business in Bridgeport, Ohio, and that the same were sold by him as such agent, in the said original packages, and in no other way, then there can be no conviction for selling without license in this case, and your verdict should be for the defendant.

Answer: Affirmed.

Arguments.

—The jury found the defendant guilty as indicted. A motion for a new trial having been refused, the court sentenced the defendant to pay the costs of prosecution and a fine of $500, and to undergo imprisonment at the workhouse in Allegheny county, for a period of four months.[1] Thereupon the defendant, having obtained a special allocatur from Mr. Justice CLARK, took this appeal, specifying that the court erred:

1. In sentencing the defendant to imprisonment in the workhouse in Allegheny county.[1]

2. In giving the instruction to the jury embraced in [ ][2]

3. "In not instructing the jury as to what constitutes an original package of commerce."

*Mr. J. M. Braden* (with him *Mr. C. S. Fetterman*), for the appellant:

The sentence was erroneous: § 5, act of May 13, 1887, P. L. 108; § 13, act of March 21, 1806, 4 Sm. L. 332; Daniels v. Commonwealth, 7 Pa. 371; Krœmer v. Commonwealth, 3 Binn. 584. The instruction complained of in the second specification was erroneous, as the defendant was not bound to show his innocence beyond a reasonable doubt: Pannell v. Commonwealth, 86 Pa. 260; Coyle v. Commonwealth, 100 Pa. 573; Pauli v. Commonwealth, 89 Pa. 432. The question, what constitutes an original package, under the decision in Leisy v. Hardin, 135 U. S. 100, is one of law for the court, and in the peculiar circumstances of this case the court should have instructed the jury upon that question, and as to what is a breaking of bulk, even though instructions on those points were not specially requested by the defendant.

*Mr. W. S. Parker*, District Attorney, for the commonwealth:

The charge, fairly interpreted, as it would be understood by the jury, did not require the defendant to make out his defence beyond a reasonable doubt. And the court substantially said to the jury that, if they believed the defendant's testimony, he was selling an original package of commerce, and any complaint as to that should come from the commonwealth. But if this were not so, the defendant cannot complain of an omission to give instructions which were not asked for: Fox v. Fox, 96 Pa. 60.

Syllabus.

Opinion, Mr. Chief Justice Paxson:

The defendant was convicted in the court below for selling liquors without a license. His defence was that he was selling in original packages, as the agent of a firm outside the state. The proof was that he received the liquors in bottles packed in boxes, sometimes a hundred bottles in a box; that he took them out and placed them on a shelf, and sold them by the single bottle, quarts and pints. Upon the trial below, the court affirmed both of defendant's points, and instructed the jury that if he was the agent of an importer, and the sales were in the original packages of commerce, he could not be convicted. Complaint is now made that the learned court did not instruct the jury as to what constituted an " original package of commerce." It is a sufficient answer to this objection to say that the court was not called upon for any such instruction. Both parties seem to have left this matter to the jury and they have settled it without much difficulty. The first assignment is disposed of by what was said in Commonwealth v. Zelt, ante, 615, decided with this case.

> Judgment affirmed; and it is now ordered that the defendant surrender himself forthwith to the custody of the high sheriff of Washington county, for confinement in accordance with the sentence of the court below.

Argued October 22, 1890—Decided January 5, 1891.